# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN ZUNIGA, also known as Tino Latino,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-250

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Agustin Zuniga appeals his above-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess less than 500 grams of cocaine and for possession of less than 500 grams of cocaine. He challenges the conclusion that he used his minor children to avoid detection of the offense, justifying a two-level enhancement under U.S.S.G. § 3B1.4. The determination of whether Zuniga used his minor children within the meaning of § 3B1.4 is a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion of law that we review de novo, with any findings of fact made in support of that determination reviewed for clear error. *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010). A finding is not clearly erroneous if it is "plausible in light of the record as a whole." *Id.* at 173 (internal quotation marks and citations omitted).

Section 3B1.4 calls for a two-level enhancement, "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense . . . ." The enhancement applies "when a defendant 'makes a decision to bring a minor along during the commission of a previously planned crime as a diversionary tactic or in an effort to reduce suspicion . . . .'" *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (quoting *Mata*, 624 F.3d at 175). "To trigger the enhancement, a defendant must take some affirmative action to involve the minor in the offense because the mere presence of a minor at the scene of the crime is insufficient." *Powell*, 732 F.3d at 380 (internal quotation marks and citation omitted). "When a defendant's crime is previously planned —when, for example, she leaves the house knowing she is on her way to smuggle drugs . . . —the act of bringing the child along instead of leaving the child behind is an affirmative act that involves the minor in the offense." *Mata*, 624 F.3d at 176.

In this case, circumstantial evidence supports a finding that Zuniga used his minor children to assist in avoiding detection of the offense. First, there is evidence that Zuniga believed that the presence of his children would assist him in avoiding detection. *See Powell*, 732 F.3d at 380-81. Zuniga selected a grocery store parking lot as the location of the meeting, and he knew when he left his home with his two minor children that he would be conducting an illegal narcotics transaction. The district court found that Zuniga had chosen

to bring his two minor children with him to give the appearance of a family going grocery shopping and to seem less suspicious in the event of a traffic stop. Second, Zuniga did not have a plausible alternative reason for bringing the children other than to assist in avoiding detection. *See id.* After picking up three children from school and returning home, one child went inside the house and the other children remained in the vehicle. Shortly thereafter, Zuniga drove to the grocery store and conducted the transaction. As in *Mata*, the district court found that Zuniga could have left the two children with the person caring for the child who exited the vehicle. *Mata*, 624 F.3d at 177. The district court's findings are plausible in light of the record as a whole. *See id.* at 173.

Taken together, these findings provide sufficient support for the district court's conclusion that Zuniga used the presence of his minor children to assist in avoiding detection of his offense. The district court did not err by enhancing Zuniga's sentence under § 3B1.4. Moreover, any error was likely harmless as the district court expressly stated it would have imposed the same above-Guidelines sentence even without this enhancement. Accordingly, the judgment of the district court is AFFIRMED.